# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**IBRAHIM & HARROON REAL ESTATE, INC.**,

      Plaintiff,

v.                                           Case No: 6:21-cv-2060-ACC-DCI

**MT. HAWLEY INSURANCE COMPANY and RENAISSANCE RE SYNDICATE 1458 LLOYD'S**,

      Defendants.

## ORDER

### I. Background

Before the Court are two related motions: Defendants' Motion to Reopen Discovery and Continue Deadlines (Doc. 32; the Motion to Reopen Discovery) and Defendants' Motion for Leave to File Amended Answer to Add One Additional Affirmative Defense (Doc. 33; the Motion to Amend). The Motion to Reopen Discovery is due to be granted in part and the Motion to Amend is due to be granted.

### II. Standard

The Court is guided by Rules 15 and 16 of the Federal Rules of Civil Procedure in determining whether to allow an untimely amendment to the pleadings. *Rosas v. Geovera Specialty Ins. Co.*, 2019 WL 5085038, at *1 (M.D. Fla. June 24, 2019). A case management and scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard is a rigorous one, requiring the Court to focus not on the good faith of or the potential prejudice to any party, but on the moving party's diligence in

meeting the deadlines it seeks to modify. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."). If "good cause" exists under Rule 16 to allow modification of the schedule, the Court proceeds to Rule 15 to determine whether leave to amend is proper. *Rosas*, 2019 WL 5085038, at *1. Rule 15(a)(2) provides that the Court should "freely give leave" to amend "when justice so requires." Supreme Court caselaw requires courts to heed that mandate. *See Forman v. Davis*, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.*

### III. Discussion

#### a. Rule 16(b)(4)

This is a case about a piece of insured real property (the Property) and, in large part, its roof. The Property was allegedly damaged by hail, Plaintiff submitted an insurance claim to Defendants regarding the hail damage, and Defendants allegedly improperly denied coverage for that claim. *See* Doc. 1-1. Early in the discovery period, Defendants served requests for production on Plaintiff in which they requested, among other things, "any and all appraisals, inspection reports, and valuation reports provided to You relating to the Property." Docs. 32-3 at 10; 32-4 at 8. Plaintiff responded to the requests in due course. Doc. 32-4 at 7. After discovery closed, during the deposition of Plaintiff's engineer,[1] Plaintiff's engineer provided Defendants

---

[1] The parties agreed to conduct this deposition after the discovery period ended.

with an inspection report of the Property, which report had not been turned over in discovery. This inspection report (dubbed the "Radiant Report" by the parties) was commissioned by a prospective buyer of the Property. The Radiant Report includes an assessment of the Property, and, in particular, its roof. Doc. 36 at 2. Plaintiff's counsel represents that it received the Radiant Report in September 2022. Docs. 36 at 2; 37 at 2–3. Discovery closed on April 3, 2023. Doc. 11.

It does not appear to be disputed that the Radiant Report is relevant to this case and is responsive to Defendants' requests for production, which requests were served on Plaintiff on March 11, 2022. Doc. 32-3 at 10, 11. Thus, Plaintiff should have turned the Radiant Report over to Defendants "in a timely manner" when it received the Radiant Report in September 2022. Fed. R. Civ. P. 26(e)(1) ("A party who has . . . responded to [a] request for production . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect[.]"). But Plaintiff did not produce the Radiant Report to Defendants before discovery closed. Courts have found that parties have satisfied the good cause standard when another party failed to timely produce relevant and responsive documents. *See Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 2020 WL 639400, at *4 (S.D. Fla. Feb. 11, 2020) ("The documents and records relied upon by Defendant in the Motion were not disclosed by Plaintiff despite its discovery obligations but instead came to light through non-party discovery after the amendment deadline passed. . . . Under these circumstances, good cause is satisfied."); *see also McBride v. Merrill Lynch Bank & Trust Co.*, 2010 WL 4337991, at *1 (M.D. Fla. Oct. 27, 2010).

However, Plaintiff argues that Defendants were not diligent, and therefore have not satisfied the good cause standard, because Defendants did not depose Plaintiff's engineer until

- 3 -

after the discovery period closed. This argument is inapposite. Plaintiff had an obligation to supplement its responses "in a timely manner," *id.*, when it received the Radiant Report in September 2022. That Defendants did not discover Plaintiff's failure to supplement its responses until they deposed Plaintiff's engineer does not retroactively excuse Plaintiff's failure to supplement its responses, and Plaintiff cites no authority to the contrary. And to be sure, to receive responsive documents that a producing party acquires after responding to the initial discovery requests, the requesting party does not need to serve the same requests at various times throughout the discovery period. The producing party—here, Plaintiff—bears the burden to supplement. *See id.* So, the Court rejects this argument.

In sum, Defendants have satisfied Rule 16(b)(4)'s good cause requirement.

### b. Motion to Amend

Because Defendants have satisfied Rule 16(b)(4)'s good cause requirement, the Court turns to Rule 15(a)(2). *See Rosas*, 2019 WL 5085038, at *1.

Here, there is no apparent reason to deny leave to amend. *See Foman*, 371 U.S. at 182. There is no undue delay or bad faith on Defendants' part, and any prejudice Plaintiff would suffer by allowing the amendment is a direct result of Plaintiff's failure to timely turn over the Radiant Report. *See id.* Plaintiff argues that amendment is futile. However, at the very least, the amendment gives "notice of any additional issue that *may* be raised at trial." *Lane Construction Corp. v. Skanska USA Civil Southeast, Inc.*, No. 6:21-cv-164 at Doc. 188, 2022 WL 3136870, at *5 (M.D. Fla. Apr. 12, 2022), *report and recommendation adopted by* Doc. 293 (quoting *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988)) (emphasis added). This affirmative defense presents disputed and substantial questions of law and fact, which should not normally be decided in a motion to amend. *See, e.g., id.* at *3 ("Plaintiff's Third and

Fifth Affirmative Defenses pose the kind of disputed questions of law and fact that should not normally be decided in a motion to strike.") (citation omitted). So, Defendants may amend their answer to add the affirmative defense. *See Rosas*, 2019 WL 5085038, at *1. However, unless otherwise ordered, Defendants may only raise this additional defense at trial, and may not raise it in a dispositive motion.

### c. Motion to Reopen Discovery

As stated before, Defendants have satisfied Rule 16(b)(4)'s good cause standard. Defendants request a 90-day extension in which to conduct additional, limited discovery regarding the sale of the Property. Doc. 32 at 8.

While the Court finds that some relief is warranted, Defendants have not justified an additional 90-day discovery period; the Court finds that a 60-day period to conduct additional, limited discovery is appropriate. So, the parties shall have 60 days to conduct additional discovery regarding the sale of the Property. Unless otherwise ordered, this discovery shall be used for trial purposes only, and may not be used in support of a dispositive motion.

### IV. Conclusion

Accordingly, it is hereby **ORDERED** that:

1) The Motion to Reopen Discovery (Doc. 32) is **GRANTED in part**, such that:

    a. **Up to and including October 2, 2023,** the parties may conduct discovery regarding the sale of the Property;

    b. Unless otherwise ordered, this discovery shall be used for trial purposes only, and may not be used in support of a dispositive motion;

    c. Affected deadlines will be adjusted in an amended Case Management and Scheduling Order; and

    d.  The Motion to Reopen Discovery (Doc. 32) is **DENIED** in all other respects.

2) The Motion to Amend (Doc. 33) is **GRANTED**, such that Defendants may amend their answer to add the additional affirmative defense; provided, however, that unless otherwise ordered, Defendants may only raise this additional defense at trial, and may not raise it in a dispositive motion.

**ORDERED** in Orlando, Florida on August 2, 2023.

 

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE